IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SCOTTIE LEE GRAVES,            )
                               )
            Petitioner,        )
                               )
       v.                      )     1:17CV282
                               )
STATE OF NORTH CAROLINA,       )
                               )
            Respondent.        )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis.* For the following reason, the Petition cannot be further processed.

1. .Petitioner does not state any clear claim for relief. Petitioner sets out four claims for relief, the last three of which attack his conditions of confinement, rather than challenging the legality of his sentence or convictions. Such claims are not proper under § 2254, but would instead have to be brought, if at all, in an action under 42 U.S.C. § 1983. Petitioner's first claim for relief does attack his convictions and sentence, but it is not clear so that Respondent could file an answer. Petitioner claims that the sentencing judge initially had a lower sentence in mind, but then changed her mind and improperly relied upon prior convictions in formulating a longer sentence after hearing argument from the prosecutor. However, it is not clear why a judge changing her mind after hearing evidence or argument from a party or using Petitioner's prior record to formulate the sentence would violate the United States Constitution and provide Petitioner with a claim under § 2254. All of those occurrences are common and generally proper in criminal cases. He also claims that the prior convictions were not established beyond a reasonable doubt, but does not provide a basis for this assertion, which appears dubious given that the matters relied upon were, by his own

description, "convictions." To be such, they would have to have been established beyond a reasonable doubt or through his guilty pleas. Petitioner also raises a claim of double jeopardy, but the basis for this claim is entirely unclear. He must make his claims understandable so that Respondent can file a proper response. Also, if Petitioner is contending that the use of prior convictions to enhance a current conviction violates the Constitution based on double jeopardy, that claim is frivolous.

Because of this pleading failure, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis,* and otherwise correcting the defect noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis,* new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauper is* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis.*

2

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defect of the current Petition.

This, the 3rd day of April, 2017.

_____
Joe L. Webster
United States Magistrate Judge

3